# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 2000 Session

## EDWARD F. CURTIS v. STEPHEN T. NASH, et al.

### Direct Appeal from the Circuit Court for Knox County
No. 1-703-98    Dale C. Workman, Judge

### FILED SEPTEMBER 20, 2000

### No.  E1999-01135-COA-R3-CV

---

This appeal arises in the Knox County Circuit Court from a grant of a motion for summary judgment. Edward F. Curtis appeals the grant of summary judgment.  We affirm the judgment of the Trial Court and remand for such further proceedings as may be necessary consistent with this opinion. We adjudge costs of appeal against Mr. Curtis and his surety.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Thomas R. Henley, Knoxville, Tennessee, for the appellant, Edward F. Curtis.

See appendix for list of attorneys for appellees and Pro Se litigants.

### OPINION

This appeal arises from a grant of summary judgment by the Knox County Circuit Court in favor of the Appellees[1].  Edward Curtis, the Appellant, presents one issue on appeal, which we restate: whether the Trial Court erred in interpreting Tennessee Code Annotated § 37-10-101 through § 37-10-103, which is the Liability of Parent or Guardian for Acts of Juveniles statute, and thus, erred in granting summary judgment to the parents of the juveniles, the Appellees, on the basis of their affidavits that they did not know of their children's tendency to commit wrongful acts that can be expected to cause injury to persons or property.

---

[1] See Appendix for list of Appellees.  Al Hancock and Marty Hancock, the parents of Hunter W. Hancock, did not file a brief on appeal.

The Trial Court granted summary judgment in favor of the Appellees. We affirm the judgment of the Trial Court and remand for such further proceedings as may be necessary consistent with this opinion.

Apparently, the Appellees' juvenile sons entered property owned by Mr. Curtis at 5811 Sunset Drive in Knoxville, Tennessee. Mr. Curtis maintains that the juveniles entered the premises sometime between November 14, 1995 and November 17, 1995 and damaged the house and its contents. One juvenile was apprehended on the property on or about November 17, 1995 and he implicated the other Appellees' sons. Mr. Curtis claims that the damage to the house and its contents total more than $20,000. According to Mr. Curtis, the damage consisted of broken internal and external doors and windows; damage to interior walls and carpets; personal property broken and strewn about; paint splattered about; personal papers, including stock certificates, and clothing damaged or destroyed; and coins and money taken.[2]

As a result of a Juvenile Court proceeding, the Appellees' sons were required to pay restitution totaling $2,000.[3]

Mr. Curtis later filed the instant action under Tennessee Code Annotated § 37-10-101, which is the Liability of Parent or Guardian for Acts of Juveniles statute. Mr. Curtis explains that he does not know which juvenile entered the property on which day nor does he know what specific damage was done by each one on which occasion. However, he contends that each of the juveniles entered the property on one or more of those days in November and did do damage to the property and/or to the contents of the house. Mr. Curtis alleges that the Appellees "knew or should have known of their minor's tendency to commit wrongful acts which could be expected to cause injury to property, and each Defendant had an opportunity to control their minor but failed to exercise reasonable means to restrain the tortious conduct." He insists that some or all of the juveniles committed multiple offenses by entering the property and causing damage on several occasions during the period from November 14, 1995 through November 17, 1995.

Mr. Curtis's argument is that the relevant statute in this case creates both a contract liability and a separate tort liability. He argues that Tennessee Code Annotated § 37-10-101 imposes a contractual duty on parents and guardians to pay for damages done by their children

_____

[2] Some of the Appellees note that Mr. Curtis waited three years to file an action under this statute.

[3] From the record it appears each of the juveniles paid restitution of $200 each.

-2-

whether maliciously or willfully . He maintains that the use of the word assumpsit in Section 37-10-101 creates a contract cause of action, and therefore, parents or guardians "are liable as if they had made a promise to pay for the damage done by their children."  He further asserts that "[i]f a minor child hurts somebody or damages something, whether it is malicious or simply wilful [sic], the parents are liable under Section 101 regardless of their knowledge or duty of care."  He insists that Section 37-10-101 is contract law, and Section 37-10-103 is tort law.  Therefore, Section 103 is not a defense to Section 101, but rather "a separate and distinct tort cause of action based on the parent's knowledge or lack of it and exercise of reasonable care or not."

Mr. Curtis asserts that MCI Telecommunications Corporation v. Bonnell, an unreported opinion of this Court, filed in Nashville on March 8, 1989, misinterprets the statute.  He argues that the Court's finding that "Sections 101 and 103 must be read together and that Section 103 is a defense to Section 101 simply cannot be true" because "then the purpose of the statute to make parents pay for the destructive acts of their minor children is totally defeated."  He contends that "[i]f the parents or guardians can invoke the 'knowledge defense' of Section 103 to a contract cause of action under Section 101, then Section 101 is meaningless and void."  He further insists that "[t]he only way to win a case under Section 103 would be to invoke the presumption under 103(b) by proving that the children had been previously convicted in juvenile court, and this is impossible since juvenile court records are strictly confidential and not admissible."

All the Appellees used for their defense Tennessee Code Annotated § 37-10-103, which they contend provides a defense of the liability imposed in Tennessee Code Annotated § 37-10-101, citing the MCI case.  They maintain that they are not strictly liable for wrongful acts of their children, and are not liable for the wrongful acts of their children unless they knew or should have known of their children's tendency to commit such acts.

A Trial Court's decision to grant a motion for summary judgment is not entitled to a presumption of correctness on appeal.  Carvell v. Bottoms, 900 S.W.2d 23, 26 (Tenn. 1995).  This Court determines whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met.  Mason v. Seaton, 942 S.W.2d 470, 472 (Tenn. 1997).

An evaluation of a summary judgment motion must address the following: "(1) whether a factual dispute exists; (2) whether the disputed fact is material to the outcome of the case; and (3) whether the disputed fact creates a genuine issue for trial."  Byrd v. Hall, 847 S.W.2d 208, 214 (Tenn. 1993) (emphasis in original).  When considering a motion for summary judgment, the evidence must be viewed in a light most favorable to the nonmoving party, and all reasonable

inferences must be made in the nonmoving party's favor.  Byrd, 847 S.W.2d at 210.

The Liability of Parent or Guardian for Acts of Juveniles statute provides the following:

37-10-101.  Recovery for injury or damage by juvenile.--Any municipal corporation, county, town, village, school district or department of this state, or any person, or any religious organization, whether incorporated or unincorporated, shall be entitled to recover damages in an action in assumpsit in an amount not to exceed ten thousand dollars ($10,000) in a court of competent jurisdiction from the parents or guardian of the person of any minor under eighteen (18) years of age, living with the parents or guardian of the person, who maliciously or willfully causes personal injury to such person or destroys property, real, personal or mixed, belonging to such municipal corporation, county, township, village, school district or department of this state or persons or religious organizations.

37-10-102.  Limitation on amount of recovery.--The recovery shall be limited to the actual damages in an amount not to exceed ten thousand dollars ($10,000) in addition to taxable court costs.

37-10-103.  Circumstances under which parent or guardian liable.--

(a) A parent or guardian shall be liable for the tortious activities of a minor child that cause injuries to persons or property where the parent or guardian knows, or should know, of the child's tendency to commit wrongful acts which can be expected to cause injury to persons or property and where the parent or guardian has an opportunity to control the child but fails to exercise reasonable means to restrain the tortious conduct.

(b) A parent or guardian shall be presumed to know of a child's tendency to commit wrongful acts, if the child has previously been charged and found responsible for such actions.

The parents' affidavits establish, in each case, that they did not "know[ ]" and had no reason to know of their child's "tendency to commit wrongful acts which can be expected to cause

injury to persons or property." See T.C.A. 37-10-103(a). These affidavits triggered the Appellant's obligation to bring forth facts to show that there are genuine issues of material fact as to the parents' T.C.A. 37-10-103(a) defense. Since they failed to do so, summary judgment is appropriate. The affidavits, uncontroverted, make out a defense to the Appellant's cause of action.

Based on the foregoing, we believe that there are no genuine issues of material fact which must be determined by trial. The judgment of the Trial Court is affirmed, and the cause is remanded for such further proceedings as may be necessary consistent with this opinion. Costs of appeal are adjudged against Edward F. Curtis and his surety.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE